1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   ARCHIE CRANFORD,                    CASE NO. 1:14-cv-01131-MJS (PC)

12              Plaintiff,               **ORDER (1) DISMISSING COMPLAINT
                                         WITH LEAVE TO AMEND (ECF NO. 1);**
13        v.                             **(2) DENYING MOTION TO
                                         CONSOLIDATE (ECF No. 4); AND (3)**
14   PAM AHLIN, et al.,                  **DENYING OBJECTIONS TO ORDER
                                         DENYING MOTION FOR DEFAULT**
15              Defendants.              **JUDGMENT (ECF No. 8)**

16                                       **AMENDED COMPLAINT DUE WITHIN
17                                       THIRTY (30) DAYS**

18

19   **I.     PROCEDURAL HISTORY**

20        Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil

21   rights action brought pursuant to 42 U.S.C. § 1983.

22        Plaintiff filed his complaint on July 21, 2014. (ECF No. 1.) Thereafter, he filed a

23   motion to consolidate the instant case with Case Nos. 14-cv-1101 and 14-cv-1102. (ECF

24   No. 4.) On August 14, 2014, he filed a motion for default judgment (ECF No. 6), which

25   was denied on August 19, 2014 because premature. (ECF No. 7.) He then filed

26   objections to the order denying his motion for default. (ECF No. 8.)

27

28

1    Plaintiff's complaint is before the Court for screening. His motion to consolidate

2  and his objections, which the Court construes as a motion for reconsideration, are

3  deemed submitted.

4  **II.    THE COMPLAINT**

5    **A.    SCREENING REQUIREMENT**

6    The Court is required to screen complaints brought by civil detainees seeking

7  relief against a governmental entity or officer or employee of a governmental entity.  28

8  U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the detainee

9  has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon

10  which relief may be granted, or that seek monetary relief from a defendant who is

11  immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or

12  any portion thereof, that may have been paid, the court shall dismiss the case at any

13  time if the court determines that . . . the action or appeal . . . fails to state a claim upon

14  which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

15    **B.    PLEADING STANDARD**

16    Section 1983 "provides a cause of action for the deprivation of any rights,

17  privileges, or immunities secured by the Constitution and laws of the United States."

18  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).

19  Section 1983 is not itself a source of substantive rights, but merely provides a method for

20  vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94

21  (1989).

22    To state a claim under § 1983, a plaintiff must allege two essential elements: (1)

23  that a right secured by the Constitution or laws of the United States was violated and (2)

24  that the alleged violation was committed by a person acting under the color of state law.

25  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243,

26  1245 (9th Cir. 1987).

27    A complaint must contain "a short and plain statement of the claim showing that

28

2

1  the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations

2  are not required, but "[t]hreadbare recitals of the elements of a cause of action,

3  supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S.

4  662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

5  Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief

6  that is plausible on its face." Id. Facial plausibility demands more than the mere

7  possibility that a defendant committed misconduct and, while factual allegations are

8  accepted as true, legal conclusions are not. Id. at 677-78.

9  **C.    PLAINTIFF'S ALLEGATIONS**

10  Plaintiff is detained at Coalinga State Hospital ("CSH"), where the acts giving rise

11  to his complaint occurred. Plaintiff names the following individuals as Defendants:

12  (1) Kamala Harris, California Attorney General; (2) Pam Ahlin, Director of Mental Health

13  Hospitals; (3) Audrey King, CSH Executive Director; (4) Kariean Reed, CSH Program

14  Director; and (5) Brian Martinez of CSH Unit 1.

15  Plaintiff's allegations can be summarized essentially as follows:

16  On May 20, 2013, Plaintiff was moved to Unit 1 of CSH. Plaintiff warned hospital

17  staff that the move would be hazardous to him. After Plaintiff was moved, he was

18  assaulted, which left Plaintiff cowering in fear. Plaintiff declined medical care due to fear

19  of "reprisals," but has been subjected to reprisals anyway. Plaintiff continues to suffer

20  assaults. Plaintiff has advised all of the Defendants that his physical and mental health is

21  deteriorating.

22  Plaintiff has asked for a single room and one-to-one security in his room. Plaintiff

23  states that security outside of his room would be ineffective because he will be assaulted

24  again "as soon as a chance to strike is presented."

25  Since July 15, 2014, Plaintiff has had problems with a patient who receives more

26  favorable treatment than Plaintiff. It is unclear from the complaint whether this patient is

27  alleged to be involved in assaults on Plaintiff.

28

1     Plaintiff seeks to be placed in a single room, with one-to-one security in the room,

2   until he is discharged.

3     **D.     ANALYSIS**

4          **1.     No Cognizable Claim Stated**

5     The Complaint does not include any discernable description of an alleged

6   violation of any of Plaintiff's constitutional rights. It does not advise the Court of the

7   claims Plaintiff intends to plead or the bases for them. Although the Federal Rules adopt

8   a flexible pleading policy, a complaint must give fair notice and state the elements of the

9   claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir.

10   1984). Plaintiff's Complaint fails to state any cognizable claim.

11     The Court will provide Plaintiff an opportunity to amend. If Plaintiff chooses to

12   amend, he must include all relevant factual allegations in one document; references to

13   facts alleged in preceding filings will be disregarded. The following sections of this Order

14   provide legal standards applicable to named Defendants and what the Court believes

15   may be Plaintiff's intended claims.

16          **2.     Linkage**

17     Under § 1983, Plaintiff must demonstrate that each named defendant personally

18   participated in the deprivation of his rights. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons

19   v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton,

20   588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir.

21   2002). Liability may not be imposed on supervisory personnel under the theory of

22   respondeat superior, as each defendant is only liable for his or her own misconduct.

23   Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235. Supervisors may only be held liable

24   if they "participated in or directed the violations, or knew of the violations and failed to act

25   to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v.

26   Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570

27

28

4

1    (9th Cir. 2009); <u>Preschooler II v. Clark Cnty. Sch. Bd. of Trs.</u>, 479 F.3d 1175, 1182 (9th

2    Cir. 2007); <u>Harris v. Roderick</u>, 126 F.3d 1189, 1204 (9th Cir. 1997).

3         Plaintiff has not alleged how each defendant personally participated in the

4    deprivation of his rights. Plaintiff should note that if he chooses to file an amended

5    complaint he must link each named defendant to his claims.

6                          **3.      Failure to Protect**

7         The Fourteenth Amendment provides the standard for evaluating the

8    constitutionally protected interests of individuals who have been involuntarily committed

9    to a state facility. <u>Rivera v. Rogers</u>, 224 Fed. Appx. 148, 150–51 (3d Cir. 2007); <u>see</u>

10   <u>Youngberg v. Romeo</u>, 457 U.S. 307, 312 (1982). In determining whether the

11   constitutional rights of an involuntarily committed individual have been violated, the court

12   must balance the individual's liberty interests against the relevant state interests, with

13   deference shown to the judgment exercised by qualified professionals. <u>Youngberg</u>, 457

14   U.S. at 320-22.

15        Plaintiff's right to constitutionally adequate conditions of confinement is protected

16   by the substantive component of the Due Process Clause. <u>Id.</u> at 315. He is "entitled to

17   more considerate treatment and conditions of confinement than criminals whose

18   conditions of confinement are designed to punish," but the Constitution requires only that

19   courts ensure that professional judgment was exercised. <u>Id.</u> at 321–22.

20        A determination of whether Plaintiff's rights were violated requires "balancing of

21   his liberty interests against the relevant state interests." <u>Id.</u> at 321. A "decision, if made

22   by a professional, is presumptively valid; liability may be imposed only when the decision

23   by the professional is such a substantial departure from accepted professional judgment,

24   practice, or standards as to demonstrate that the person responsible actually did not

25   base the decision on such a judgment." <u>Id.</u> at 322–23. The professional judgment

26   standard is an objective standard and it equates "to that required in ordinary tort cases

27   for a finding of conscious indifference amounting to gross negligence." <u>Ammons v.</u>

28

1    Wash. Dep't of Soc. & Health Servs., 648 F.3d 1020, 1029 (9th Cir. 2011) (citations and

2    emphasis omitted).

3         Plaintiff's allegation that he has been assaulted various times does not, in itself,

4    state a constitutional claim. The facts do not identify whether any named Defendants

5    knew of, and therefore could or should have acted to prevent these assaults. The

6    Complaint therefore does not indicate whether Defendants exhibited a conscious

7    indifference amounting to gross negligence. See Ammons, 648 F.3d at 1029.   While

8    Plaintiff has a liberty interest in safe conditions of confinement, Youngberg, 457 U.S. at

9    315, and care that is professionally acceptable, id.  at 321, his allegations are not

10   sufficient to state a claim under applicable standards.

11        Plaintiff does not state a claim under the Due Process Clause for failure to protect

12   him from risk of harm. If Plaintiff chooses to amend, he should allege facts

13   demonstrating how specific Defendants were indifferent to his safety and thereby caused

14   him harm. Iqbal, 556 U.S. at 678.

15                   **4.      Injunctive relief**

16        Plaintiff's request to be placed in a single cell with one-to-one security falls within

17   the category of requests for injunctive relief.

18        Injunctive relief, whether temporary or permanent, is an "extraordinary remedy,

19   never awarded as of right." Winter v. Natural Res. Def. Council, 555 U.S. 7, 22 (2008).

20   "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on

21   the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief,

22   that the balance of equities tips in his favor, and that an injunction is in the public

23   interest." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir.

24   2009) (quoting Winter, 555 U.S. at 20). The Court does not have jurisdiction to order

25   injunctive relief which would require directing parties not before the Court to take action.

26   Zepeda v. United States Immigration & Naturalization Serv., 753 F.2d 719, 727 (9th Cir.

27   1985) ("A federal court may issue an injunction if it has personal jurisdiction over the

28

1    parties and subject matter jurisdiction over the claim; it may not attempt to determine the

2    rights of persons not before the court.").

3         Plaintiff has failed to show that he is likely to succeed on the merits since at this

4    stage of the proceedings he has failed to state a cognizable claim.

5         Plaintiff fails to suggest a real and immediate threat of injury. See City of Los

6    Angeles v. Lyons, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and

7    immediate" threat of injury, and "[p]ast exposure to illegal conduct does not in itself show

8    a present case or controversy regarding injunctive relief . . . if unaccompanied by any

9    continuing, present, adverse effects."). Although Plaintiff states that he continues to be

10   assaulted, it is not clear from the allegations whether these incidents occur in his room,

11   involve his roommate, and could be cured by the relief Plaintiff requests.

12        Plaintiff does not address the third or fourth elements, the balancing of equities

13   and public interest concerns. Absent a cognizable claim, there is nothing to tip the

14   balance of equities in Plaintiff's favor. And, while the public has an interest in providing

15   detainees with constitutionally adequate care, the record before the Court does not

16   justify the Court substituting its judgment regarding Plaintiff's housing placement for that

17   of hospital staff.

18        The various criteria not having been met, Plaintiff is not entitled to injunctive relief.

19        **5.    Conclusion**

20        Plaintiff's Complaint does not state a claim for relief. The Court will grant Plaintiff

21   an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49

22   (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts

23   resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff

24   must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"

25   Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate

26   that each named Defendant personally participated in a deprivation of his rights. Jones

27   v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

28

1    Plaintiff should note that although he has been given the opportunity to amend, it

2  is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th

3  Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on

4  curing the deficiencies set forth above.

5    Finally, Plaintiff is advised that Local Rule 220 requires that an amended

6  complaint be complete in itself without reference to any prior pleading. As a general rule,

7  an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d

8  55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no

9  longer serves any function in the case. Therefore, in an amended complaint, as in an

10  original complaint, each claim and the involvement of each defendant must be

11  sufficiently alleged. The amended complaint should be clearly and boldly titled "First

12  Amended Complaint," refer to the appropriate case number, and be an original signed

13  under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P.

14  8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a

15  right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations

16  omitted).

17  **III.    MOTION TO CONSOLIDATE**

18       **A.    Legal Standard**

19    Federal Rule of Civil Procedure 42(a) permits the court to consolidate actions

20  involving a common question of law or fact if doing so serves the purposes of judicial

21  economy and convenience. "The district court has broad discretion under this rule to

22  consolidate cases pending in the same district." Investors Research Co. v. United States

23  District Court for the Central District of California, 877 F.2d 777 (9th Cir. 1989). In

24  determining whether to consolidate actions, the court weighs the interest of judicial

25  convenience against the potential for delay, confusion, and prejudice caused by

26  consolidation. Southwest Marine, Inc., v. Triple A. Mach. Shop, Inc., 720 F. Supp. 805,

27  807 (N.D. Cal. 1989).

28

**B.     Analysis**

Plaintiff moves to consolidate the following cases with the instant action: <u>Cranford v. Dirige</u>, No. 1:14-cv-01101-BAM and <u>Cranford v. Seats</u>, No. 1:14-cv-01102-MJS. He filed the same motion to consolidate in each of these cases. His motion to consolidate in No. 1:14-cv-01102 was denied on August 25, 2014. His motion in No. 1:14-cv-01101 has not been addressed.

Plaintiff argues that these cases share common questions of law and fact with those raised in the present action, but does not explain the alleged relationship or how consolidation would result in economy and convenience. Moreover, the Court cannot determine whether the cases share common questions of law or fact because there is no operative pleading in this action.

For that matter, there is no operative pleading in No. 1:14-cv-01102, the complaint having been dismissed with leave to amend. Case No. 1:14-cv-01101 has not been screened but appears to arise from a fact pattern different from that presented here.

Based on the foregoing, Plaintiff's motion to consolidate will be denied.

**III.    OBJECTIONS TO ORDER DENYING MOTION FOR DEFAULT**

The Court construes Plaintiff's objections (ECF No. 8) as a motion to reconsider its order denying Plaintiff's motion for default.

**A.     Legal Standard**

Federal Rules of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. <u>Harvest v. Castro</u>, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," <u>Marlyn</u>

1    Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009).

2    "A motion for reconsideration may not be used to raise arguments or present evidence

3    for the first time when they could reasonably have been raised in earlier litigation." Id.

4    Moreover, "recapitulation of the cases and arguments considered by the court before

5    rendering its original decision fails to carry the moving party's burden." U.S. v. Westlands

6    Water Dist., 134 F. Supp. 2d 1111, 1131 (9th Cir. 2001) (quoting Bermingham v. Sony

7    Corp. of Am., Inc., 820 F. Supp. 834, 856-57 (D.N.J. 1992)). Similarly, Local Rule 230(j)

8    requires that a party seeking reconsideration show that "new or different facts or

9    circumstances are claimed to exist which did not exist or were not shown upon such

10   prior motion, or what other grounds exist for the motion . . . ."

11   **B.    Analysis**

12   Plaintiff mistakenly characterizes the Court's order as denying default on the

13   ground that Defendants are immune from monetary relief. (ECF No. 8.) However, the

14   Court denied Plaintiff's motion for default as premature because Plaintiff's complaint had

15   not been screened and Defendants had not been served. (ECF No. 7.)

16   Plaintiff's objections do not address the Court's analysis, are without merit, and

17   will be denied.

18   **IV.   ORDER**

19   Based on the foregoing, it is HEREBY ORDERED that:

20   1.    Plaintiff's motion to consolidate (ECF No. 4) is DENIED;

21   2.    Plaintiff's objections to the Court's order denying his motion for default

22   (ECF No. 8), which the Court construes as a motion for reconsideration; are DENIED;

23   3.    The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form

24   and (2) a copy of his Complaint, filed July 21, 2014;

25   2.    Plaintiff's Complaint is dismissed for failure to state a claim upon which

26   relief may be granted;

27   3.    Plaintiff shall file an amended complaint within thirty (30) days; and

28

1      4.      If Plaintiff fails to file an amended complaint in compliance with this order,

2 the Court will dismiss this action, with prejudice, for failure to state a claim and failure to

3 comply with a court order.

4

IT IS SO ORDERED.

5

6      Dated:      September 8, 2014          /s/ *Michael J. Seng*

7                                              UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28