UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>            Plaintiff,<br><br>      v.<br><br>PAM AHLIN, et al.,<br><br>            Defendants. | CASE NO. 1:14-cv-01131-MJS (PC)<br><br>**ORDER (1) DENYING MOTION FOR EXTENSION OF TIME (ECF No. 12), AND (2) DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND (ECF No. 13)**<br><br>**AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS** |

Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 11.) No other parties have appeared in the action.

The Court screened Plaintiff's complaint (ECF No. 1) and dismissed it for failure to state a claim, but gave leave to amend. (ECF No. 10.) On September 19, 2014, Plaintiff filed a motion for extension of time to file a first amended complaint (ECF No. 12), and also simultaneously filed a first amended complaint (ECF No. 13). The motion for extension of time is ready for ruling, and the first amended complaint is before the Court for screening.

I.  **MOTION FOR EXTENSION OF TIME**

Plaintiff requests a ninety day extension of time in which to file his amended complaint due to "security problems," limited law library access, and issues with the institution's mail system. (ECF No. 12.) However, in light of Plaintiff's simultaneous filing of his amended complaint (ECF No. 13), as well as the Court's ruling herein granting Plaintiff further leave to amend, his motion will be denied as moot.

II.  **THE COMPLAINT**

   A.  **Screening Requirement**

The Court is required to screen complaints brought by civil detainees seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the detainee has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

   B.  **Pleading Standard**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and

(2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### C. Plaintiff's Allegations

Plaintiff is detained at Coalinga State Hospital ("CSH"), where the acts giving rise to his complaint occurred. Plaintiff names the following CSH employees as Defendants: (1) External Manager K. Truimbly, (2) Director of Programs Pam Ahlin, (3) Executive Director Audrey King, (4) Program Director Karen Reed, and (5) Unit Supervisor Brian Martinez.

The amended pleading is difficult to understand. Some of the pages appear to be out of order. Nevertheless, Plaintiff's allegations can be summarized essentially as follows:

Plaintiff was assaulted twice by an employee. He filed a Patient's Rights Complaint. Defendants and entry level employees failed to isolate Plaintiff from his attackers. Plaintiff should have been in a single room with an "off unit" staff member inside the room to prevent further assaults. Plaintiff contends that all Defendants were made aware of the violations by Plaintiff's Patient's Rights Complaint.

On a separate occasion, Plaintiff soiled his clothing and bedding after being assaulted, and then spent eight hours in his soiled clothing and bedding. This aggravated sores Plaintiff had from a previous incident in which hot soup was spilled on his lower waist. Plaintiff also developed new sores.

Plaintiff claims Defendants' violated his rights to security and adequate medical care, and that their conduct constituted abuse of an elderly or dependent adult under California law. He seeks money damages.

**D.     Analysis**

The Fourteenth Amendment provides the standard for evaluating the constitutionally protected interests of individuals who have been involuntarily committed to a state facility. Rivera v. Rogers, 224 Fed. Appx. 148, 150–51 (3d Cir. 2007); see Youngberg v. Romeo, 457 U.S. 307, 312 (1982). In determining whether the constitutional rights of an involuntarily committed individual have been violated, the court must balance the individual's liberty interests against the relevant state interests, with deference shown to the judgment exercised by qualified professionals. Youngberg, 457 U.S. at 320-22.

**1.     Failure to Protect**

Plaintiff's right to constitutionally adequate conditions of confinement is protected by the substantive component of the Due Process Clause. Id. at 315. He is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish," but the Constitution requires only that courts ensure that professional judgment was exercised. Id. at 321–22.

A "decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." Id. at 322–23. The professional judgment standard is an objective standard and it equates "to that

4

required in ordinary tort cases for a finding of conscious indifference amounting to gross negligence." Ammons v. Wash. Dep't of Soc. & Health Servs., 648 F.3d 1020, 1029 (9th Cir. 2011) (citations and emphasis omitted).

Plaintiff alleges that he was assaulted twice by an employee, and that Defendants thereafter failed to provide him security by placing him in a single room with an "off unit" staff member. However, it is unclear whether Plaintiff suffered further assaults after his complaints, and whether Defendants may be said to have failed to protect Plaintiff from such further assaults.

Additionally, Plaintiff implies that Defendants were aware of assaults on him because Plaintiff filed complaints regarding the assaults. However, the administrative complaints Plaintiff has submitted to the Court do not address any assaults on Plaintiff. Thus, Plaintiff has not alleged facts to show that Defendants were aware that he was assaulted or at risk for further assaults.

The Complaint does not indicate that Defendants exhibited a conscious indifference amounting to gross negligence. See Ammons, 648 F.3d at 1029. While Plaintiff has a liberty interest in safe conditions of confinement, Youngberg, 457 U.S. at 315, and care that is professionally acceptable, id. at 321, his allegations are not sufficient to state a claim under applicable standards.

Plaintiff will be allowed an opportunity to amend this claim. If he chooses to do so, he should allege facts to show Defendants' knowledge of the assaults, should indicate whether he indeed suffered any subsequent assaults, and should address the harm caused to Plaintiff thereby.

### 2. Discrimination

Plaintiff may wish to allege Defendants' behavior was motivated by his age and dependent status.

The Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center,

Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. The first method requires a plaintiff to show that the defendant has intentionally discriminated against the plaintiff on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001). Under this theory of equal protection, the plaintiff must show that the defendant's actions were a result of the plaintiff's membership in a suspect class, such as race, religion, or alienage. Ball v. Massanari, 254 F.3d 817, 823 (9th Cir. 2001).

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio Sch. Dist. v. Rodriguez, 411 U.S. 1, 40 (1973); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564.

Plaintiff provides no authority that his age or dependent status is protected under the Fourteenth Amendment. See, e.g., Massachusetts Bd. of Ret. v. Murgia, 427 U.S. 307, 313-14 (1976) (a class defined as aged is not a protected class); City of Cleburne, 473 U.S. at 442-46 (a person with a mental disability, whether perceived or actual, is not in a protected class under the Equal Protection Clause).

Plaintiff's allegations do not suggest Defendants intentionally treated him differently from others similarly situated by reason of his age and dependent status. See Lee v. City of Los Angeles, 250 F.3d 668, 687 (9th Cir. 2001). "Discriminatory purpose . . . implies that the decision maker . . . selected or reaffirmed a particular course of action at least in part because of, not merely in spite of, its adverse effects upon an identifiable group." Personnel Adm'r of Mass. v. Feeney, 442 U.S. 256, 279 (1979) (internal

quotation marks omitted). Nothing before the Court suggests Defendants were motivated by discriminatory intent.

Plaintiff does not state an equal protection claim under the Due Process Clause. Iqbal, 556 U.S. at 678. He will be given leave to amend this claim.

### 3. Medical Indifference

Due process requires that Plaintiff receive medical care that is professionally acceptable. Youngberg, 457 U.S. at 321. Plaintiff alleges that Defendants failed to provide adequate medical care by leaving him in soiled clothing and bedding for eight hours. However, Plaintiff does not allege that Defendants were directly involved in the denial of his medical care, only that they were aware of this incident after the fact through Plaintiff's complaints. This allegation does not suggest Defendants failed to exercise professional medical judgment amounting to gross negligence. See Ammons, 648 F.3d at 1029.

Plaintiff does not state a claim against Defendants under the Due Process Clause for inadequate medical treatment. If Plaintiff chooses to amend, he should state facts showing Defendants' treatment of specified injuries was so deficient as to demonstrate a failure to exercise professional medical judgment.

### 4. State Law Claims

Plaintiff cites to the Elder Abuse and Dependent Adult Civil Protection Act ("Act"). See Cal. Welf. & Inst. Code §§ 15600 et seq. The Act provides for liability for physical abuse or neglect where the defendant acted with recklessness, oppression, fraud or malice in the commission of the abuse. See Cal. Welf. & Inst. Code § 15657.

Plaintiff fails to demonstrate applicability of the Act. He does not allege facts that he is an "elder" or "dependent adult", see Cal. Welf. & Inst. Code §§ 15610.23, 15610.27; that he suffered physical or mental harm or was deprived of necessities to avoid such harm, see Cal. Welf. & Inst. Code § 15610.07; and that he has standing to enforce the Act, see Cal. Welf. & Inst. Code §§ 15600(i)(j), 15656 15657-15657.8.

7

Plaintiff's conclusory allegations fail to rise to the level of a violation of the Act and he therefore fails to state a claim thereunder.

Even if Plaintiff had alleged a sufficient claim under the Act, the Court will not exercise supplemental jurisdiction over any state law claim absent a cognizable federal claim. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001); see also Gini v. Las Vegas Metro. Police Dep't, 40 F.3d 1041, 1046 (9th Cir. 1994). "When . . . the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice." Les Shockley Racing v. National Hot Rod Ass'n, 884 F.2d 504, 509 (9th Cir. 1989).

Because Plaintiff has not alleged any cognizable federal claims, the Court will not exercise supplemental jurisdiction over his state law claim. Plaintiff may amend this claim, but if he fails to allege a viable federal claim in his amended complaint, the Court will not exercise supplemental jurisdiction over his state law claim. 28 U.S.C. § 1367(a); Herman Family Revocable Trust, 254 F.3d at 805.

## V. CONCLUSION AND ORDER

The first amended complaint does not state any cognizable claim.

The Court will provide Plaintiff with **one final** opportunity to file an amended complaint that cures the noted deficiencies. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named Defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 677-78. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555. Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Finally, an amended complaint supersedes the original complaint, Lacey v.

Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for extension of time (ECF No. 12) is DENIED as moot;
2. Plaintiff's first amended complaint (ECF No. 13) is DISMISSED for failure to state a claim upon which relief may be granted,
3. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his first amended complaint filed September 19, 2014,
4. Plaintiff shall file an amended complaint within thirty (30) days from service of this Order, and
5. If Plaintiff fails to file an amended complaint in compliance with this Order, the action will be dismissed, with prejudice, for failure to state a claim and failure to prosecute.

IT IS SO ORDERED.

Dated:   October 30, 2014            /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE