UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PAM AHLIN, et al.,<br><br>　　　　　Defendants. | CASE NO. 1:14-cv-01131-MJS (PC)<br><br>**ORDER (1) DENYING MOTION FOR DISCOVERY (ECF No. 15), AND (2) DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM**<br><br>**CLERK TO TERMINATE MOTIONS AND CLOSE CASE** |

　　　　Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 11.) No other parties have appeared in the action.

　　　　The Court screened Plaintiff's complaint (ECF No. 1) and dismissed it for failure to state a claim, but gave leave to amend. (ECF No. 10.) The Court then dismissed Plaintiff's first amended complaint for failure to state a claim, but gave leave to amend. His second amended complaint is before the Court for screening. (ECF No. 16.) Also before the Court is Plaintiff's motion for discovery. (ECF No. 15.)

## I.   MOTION FOR DISCOVERY

Plaintiff's motion for discovery cites various rules regarding the computation of time, but otherwise is incomprehensible. (ECF No. 15.) Plaintiff appears to argue that his complaint is ready for service because it was filed two and a half years ago. (ECF No. 15.) Plaintiff is incorrect. His initial complaint was filed on July 21, 2014 and, in any event, his second amended complaint has not yet been screened. Unless and until the Court finds plaintiff has stated a cognizable claim and authorizes him to proceed with it and serve it upon defendants and defendants answer, no discovery will be authorized.

Accordingly, his motion for discovery will be denied.

## II.   THE COMPLAINT

### A.   Screening Requirement

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### B.   Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### C.     Plaintiff's Allegations

Plaintiff is detained at Coalinga State Hospital ("CSH"), where the acts giving rise to his complaint occurred. Although Plaintiff's prior complaints listed several defendants, the second amended complaint identifies only Defendant Pam Ahlin.

Plaintiff's allegations can be summarized essentially as follows:

Plaintiff was assaulted twice in his dorm. "Defendants" were made aware of the assaults by way of Plaintiff filing a patient's rights complaint and sending a letter to "the authorities" in Sacramento. Defendants did nothing in response to Plaintiff's complaints.

Plaintiff seeks to be placed in a single room with two specific hospital employees placed in his room in alternating mandatory shifts as a security measure. Alternatively, he seeks "1299 billion" in damages.

### D.     Analysis

The Fourteenth Amendment provides the standard for evaluating the constitutionally protected interests of individuals who have been involuntarily committed to a state facility. Rivera v. Rogers, 224 Fed. Appx. 148, 150–51 (3d Cir. 2007); see Youngberg v. Romeo, 457 U.S. 307, 312 (1982). In determining whether the constitutional rights of an involuntarily committed individual have been violated, the court must balance the individual's liberty interests against the relevant state interests, with

deference shown to the judgment exercised by qualified professionals. Youngberg, 457 U.S. at 320-22.

Plaintiff's right to constitutionally adequate conditions of confinement is protected by the substantive component of the Due Process Clause. Id. at 315. He is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish," but the Constitution requires only that courts ensure that professional judgment was exercised. Id. at 321–22.

A "decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." Id. at 322–23. The professional judgment standard is an objective standard and it equates "to that required in ordinary tort cases for a finding of conscious indifference amounting to gross negligence." Ammons v. Wash. Dep't of Soc. & Health Servs., 648 F.3d 1020, 1029 (9th Cir. 2011) (citations and emphasis omitted).

Plaintiff's second amended complaint suffers from the same deficiencies as his prior complaints. Plaintiff alleges that he was assaulted twice, and that Defendants thereafter did not respond to his complaints. However, it is unclear from the complaint whether or how Defendant Ahlin may have been aware of Plaintiff's complaints. Plaintiff's conclusory statement that all of the "Defendants" were aware of his complaint is insufficient to state a claim. It also is unclear whether Plaintiff suffered further assaults after his complaints, and thus whether Defendant Ahlin may be said to have failed to protect Plaintiff from such further assaults. Plaintiff has not alleged facts to show that Defendant Ahlin was aware that he was assaulted or at risk for further assaults.

The Complaint does not indicate that Defendant Ahlin exhibited a conscious indifference amounting to gross negligence. See Ammons, 648 F.3d at 1029.  While Plaintiff has a liberty interest in safe conditions of confinement, Youngberg, 457 U.S. at

4

315, and care that is professionally acceptable, id. at 321, his allegations are not sufficient to state a claim under applicable standards.

Plaintiff previously was advised of these deficiencies. His failure to cure them reasonably is construed as reflecting his inability to do so. Further leave to amend would be futile and will be denied.

### III. CONCLUSION AND ORDER

Plaintiff's second amended complaint does not state a claim upon which relief may be granted. Plaintiff was advised in the prior screening orders of deficiencies in his claims and was given the opportunity to correct them. Plaintiff has failed to do so, and no useful purpose would be served in allowing yet another opportunity to amend.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for discovery (ECF No. 15) is HEREBY DENIED;
2. The action is DISMISSED WITH PREJUDICE for failure to state a claim, and
3. Any and all pending motions shall be terminated and the Clerk of the Court shall CLOSE this case.

IT IS SO ORDERED.

Dated:   November 24, 2014           /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE